[L. A. No. 13873. In Bank.—January 18, 1933.]

MOTOR FREIGHT TERMINAL COMPANY (a Corporation) et al., Respondents, v. J. O. BRAY et al., Appellants.

Lindsay & Gearhart and B. W. Gearhart for Appellants.

Wallace K. Downey and John M. Atkinson for Respondents.

PRESTON, J.—Appeal from order made May 24, 1932, after hearing, granting a temporary injunction restraining and enjoining defendants "from owning, controlling and managing auto trucks used in the transportation of property as a common carrier, for compensation, over the public highways between the cities of Los Angeles . . . and Fresno . . . and intermediate points . . . in competition with plaintiffs, until defendants shall have first obtained from the Railroad Commission . . . a certificate of .Public Convenience and Necessity authorizing them so to do. . . . "

Appellant's sole point of law is that by reason of proceedings had before the Railroad Commission and a cease and desist order made by said commission, the superior court was divested of jurisdiction to entertain this suit in equity for an injunction based upon precisely the same grounds which formed the basis of the said cease and desist order.

This contention seems to be entirely without merit. It is true that in their complaint for injunction and for damages, respondents allege that on July 7, 1930, they complained to the Railroad Commission that appellant and its associates were engaged in the business of transporting property by autotrucks as a common carrier for compensation over public highways between Los Angeles, Fresno and intermediate points and were operating in violation of law in that they did not possess a certificate of public convenience and necessity issued by said commission; that pursuant to such complaint extended hearings were had before the commission; that the charge was found to be true and the commission made an order which became final on March 5, 1931, directing appellant to cease and desist from doing such business until a certificate of public convenience and necessity had been obtained by it; that on May 18, 1931, this court denied an application to review said order; that it became final and ever since has been and now is in full force and effect. But it is also further alleged that subsequent to said order of the commission, appellant and its

associates continued the same business in the same manner as before and that they threaten to continue said business indefinitely, operating as a common carrier between said termini in defiance of said order to cease and desist and without a certificate of public convenience and necessity authorizing them to operate.

In other words, the complaint comes squarely within the doctrine laid down in the case of *Haynes* v. *MacFarlane,* 207 Cal. 529 [279 Pac. 436]. The contention of appellant that the so-called cease and desist order is equivalent to an injunction and that the complaint charges no more than this, if correct, would not avail appellant anything, for if the cease and desist order covers the identical area covered by the temporary injunction, then appellant is not aggrieved by it; however, if it covers less territory than the injunction covers, the injunction is serving a useful purpose.

As already stated, a fair construction of the complaint shows that the relief is not predicated upon the cease and desist order alone, but is predicated upon the out and out violation of the statute requiring the existence of a certificate of public convenience and necessity and the reference to the order of the commission serves no real purpose, except as tending to show the wilfulness of the conduct of appellant.

The order appealed from is affirmed.

Shenk, J., Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.